# In the United States Court of Federal Claims

| | |
|---|---|
| DEE MONBO,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>T47 INTERNATIONAL, INC.,<br><br>    Intervenor-Defendant. | No. 24-cv-1179<br><br>Filed: May 21, 2025 |

**MEMORANDUM AND ORDER**

This Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). That obligation involves ensuring that parties before the Court have Article III standing, "a threshold jurisdictional issue." *Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1317 (Fed. Cir. 2025). As noted below, Plaintiff is debarred from Government contracting and does not challenge her debarment here. As Plaintiff cannot receive any Government contract, this Court cannot redress Plaintiff's alleged injuries stemming from any purported procurement errors. Accordingly, Plaintiff lacks Article III standing, and the Court must dismiss her Complaint.

## FACTUAL HISTORY

In 2023, the Navy debarred Plaintiff from contracting with the Federal Government.[1] *Monbo v. United States* (*Monbo II*), No. 24-cv-1179, 2025 WL 871285, at *7 & n. 7 (Fed. Cl. Mar. 20, 2025); ECF Nos. 35, 35-1, 39, 41, 45. Plaintiff's debarments remain active through October 19, 2026. *See supra* Note 1. Along with Plaintiff, the Navy also debarred Monbo Group International, Ltd. (MGI) in 2023. ECF No. 35-1 at 22 n.5;[2] ECF No. 39 at 2; *Monbo v. United States* (*Monbo I*), 175 Fed. Cl. 440, 448 (2025); *see also Exclusion: Monbo Group International, Ltd.*, Sam.gov, sam.gov/exclusions-new?pirKey=522012&pirValue=1701262016960930 (last visited May 21, 2025). Plaintiff acknowledges her and MGI's debarment in numerous filings in this case. *See, e.g.*, ECF Nos. 35, 35-1, 39, 41, 45.

On July 31, 2024,[3] Plaintiff Dee Monbo, appearing *pro se*, initiated this bid protest.[4] ECF No. 1. Plaintiff, an individual federal contractor, protests the Air Force's decision to not consider Plaintiff's proposal in response to a solicitation for decoration services. Compl. ¶¶ 1, 8, 15, 33–

---

[1] *Exclusion: Monbo Dee*, Sam.gov, sam.gov/exclusions-new?pirKey=523071&pirValue=1701 270467702707 (last visited May 21, 2025) (noting that the exclusion status for Dee Monbo, classified as a firm, is active); *Exclusion: Dee Monbo*, Sam.gov, sam.gov/exclusions-new?pirKey=522051&pirValue=1701270412896524 (last visited May 21, 2025) (noting that the exclusion status for Dee Monbo, classified as an individual, is active).

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[3] This is Plaintiff's third attempt to challenge this procurement. *First*, Plaintiff brought a protest before this Court on May 31, 2023, which she voluntarily dismissed just over a week later. *Monbo v. United States*, No. 23-cv-788 (Fed. Cl. May 31, 2023). *Second*, on August 16, 2023, she filed suit in the United States District Court for the District of Columbia protesting this procurement, which the district court dismissed on December 1, 2023, for lack of subject matter jurisdiction. *Monbo v. United States*, No. 23-cv-2425 (D.D.C. Aug. 16, 2023). *Lastly*, she filed the present action on July 31, 2024. ECF No. 1.

[4] Plaintiff filed a public version of her Complaint on October 8, 2024. *See* Redacted Complaint (ECF No. 28) (Complaint or Compl.).

35.  The solicitation is Request for Proposal No. FA480322R0008 (the Solicitation), which is a 100% set-aside for Section 8(a) businesses.  *Id.* ¶ 15.

Plaintiff alleges that she submitted a joint bid for the Solicitation with her "collaborative partner, MGI."  *Id.* ¶¶ 1, 7–13; *but see* Compl., Ex. 16 at 144 (Debriefing Letter) (debriefing memorandum from the contracting officer stating that "Monbo Group International . . . was not considered for the award").  Plaintiff contends that she and MGI—which she states "are two separate federal contractors"—"agree[d] to pool their resources" to pursue the Solicitation.  *Id.* ¶¶ 8–10.  The Agency did not select Plaintiff and MGI's joint proposal for award.  *Id.* ¶¶ 33–35.  Instead, on January 31, 2023, the Agency informed Plaintiff that it had awarded the contract to T47 International, Inc.  *Id.* ¶ 33.  Despite alleging that she jointly submitted her bid with MGI, Plaintiff's Complaint is clear that she brings claims only on her own, personal behalf and not on MGI's behalf.[5]  *Id.* ¶¶ 1, 7–14.

Plaintiff's Complaint includes four counts.  *First*, Plaintiff contends that the Agency's decision to not consider her proposal for award, based on an Agency determination that the proposal failed to acknowledge an amendment to the Solicitation, lacked a rational basis because (i) she allegedly acknowledged receipt of the amendment, (ii) the method of her acknowledgment complied with the terms of the Solicitation, and (iii) the amendment was posted seven days before proposals were required to be submitted.  Compl. ¶¶ 38–50.  *Second*, to the extent that Plaintiff did not respond to the amendment, she contends that failure was a minor clerical error that should

---

[5] The Court notes that, in any event, Plaintiff could not bring claims on behalf of MGI in a *pro se* capacity.  Pursuant to Rule 83.1(a)(3), "a corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney."  *Monbo II*, 2025 WL 871285, at *8 (quoting *Monbo I*, 175 Fed. Cl. at 453) (cleaned up); Rule 83.1(a)(3).  Thus, Plaintiff, who is appearing *pro se* and is not an attorney, cannot represent MGI.  *See Aljindi v. United States*, No. 24-1997, 2025 WL 440123, at *5 (Fed. Cir. Feb. 10, 2025); *Monbo v. United States*, No. 24-890, 2024 WL 5165707, at *5–7 (Fed. Cl. Dec. 19, 2024).

have been resolved through clarification, and that the Agency's decision not to waive the error was an abuse of discretion. *Id.* ¶¶ 51–61. *Third*, Plaintiff contends that the Agency's decision not to consider Plaintiff's proposal lacked a rational basis because the amendment was purportedly not a true Solicitation amendment. *Id.* ¶¶ 62–68. *Fourth*, Plaintiff contends that she was prejudiced by the Agency's errors. *Id.* ¶¶ 69–80.

## PROCEDURAL HISTORY

Defendant timely moved to dismiss Plaintiff's Complaint under Rules 12(b)(1), 12(b)(6), and 41(b) of the Rules of the United States Court of Federal Claims (Rule(s)).[6] *See generally* Motion to Dismiss (ECF No. 16) (Mot.). Defendant advances four independent grounds for dismissal: (i) Rule 83.1 prohibits Plaintiff, a non-lawyer, from representing MGI *pro se*, *id.* at 13–14; (ii) Plaintiff lacks Article III standing because she suffered no injury in fact, *id.* at 14–16; (iii) Plaintiff lacks statutory standing under 28 U.S.C. § 1491(b)(1), *id.* at 16–19; and (iv) Plaintiff's claim is futile as she is debarred from contracting, *id.* at 19–20.

Plaintiff's initial deadline to respond to Defendant's Motion to Dismiss was October 22, 2024. *See* Rule 7.2(b)(1). In a Joint Status Report, Plaintiff requested an additional 45 days to respond to the Motion to Dismiss. *See* ECF No. 19. The Court granted her request and gave Plaintiff until December 6, 2024 to respond. *See* ECF No. 24. On November 25, 2024, Plaintiff filed a Motion requesting an additional 30-day extension to respond to the Motion to Dismiss, which this Court granted. *See* ECF No. 29; ECF No. 30 (order granting extension). On December

---

[6] The same day Defendant filed its Motion to Dismiss, Plaintiff filed a deficient Motion for a Temporary Restraining Order and Preliminary Injunction, which the Clerk of Court filed on September 26, 2024 by leave of the Court. ECF Nos. 20, 21. On consent of the parties, the Court stayed Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction pending the resolution of Defendant's Motion to Dismiss. ECF No. 24.

20, 2024, having already received an additional 75 days to respond the Motion to Dismiss, Plaintiff filed yet another Motion requesting 30 more days to respond. *See* ECF No. 33. In light of Plaintiff's *pro se* status, the Court granted the Motion, giving Plaintiff until February 6, 2025 to respond, but also informed Plaintiff that "[n]o further extensions of time will be granted to Plaintiff" absent extraordinary cause, and advising Plaintiff that "managing multiple cases . . . does not constitute good or extraordinary cause for an extension of time." ECF No. 34.

To date, Plaintiff has not responded to Defendant's Motion to Dismiss despite being an otherwise active litigant. Instead of responding to Defendant's dispositive Motion to Dismiss, which raises threshold jurisdictional issues, Plaintiff filed several motions seeking to delay her response. *See* ECF No. 35 (Motion to Stay); ECF No. 36 (Motion to Suspend Deadlines); ECF No. 40 (rejecting second Motion to Stay as deficient); ECF No. 41 (Third Motion to Stay); ECF No. 42 (Motion to Amend). This Court denied each of these attempts to delay this litigation and noted its "concern with Plaintiff's dilatory behavior." ECF No. 43; *see* ECF No. 37 (denying Motion to Suspend); ECF No. 40 (rejecting deficient Second Motion to Stay); *Monbo II*, 2025 WL 871285, at *4–5 (denying Plaintiff's First and Third Motions to Stay and Motion to Amend); *see also id.* at *9 (finding that Plaintiff brought her Motion to Amend with dilatory motive).

After denying Plaintiff's Motion to Amend and Motions to Stay, the Court "stresse[d] to Plaintiff that she must respond to Defendant's Motion to Dismiss." *Monbo II*, 2025 WL 871285, at *10. Indeed, the Court "advised [Plaintiff] that failure to timely respond to the Motion to Dismiss will not only constitute a waiver of Plaintiff's opportunity to rebut Defendant's contentions that this Court lacks jurisdiction, but may also result in dismissal of Plaintiff's case under Rule 41(b)." *Id.* (citing *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1184

5

(Fed. Cir. 1990)).  Despite this specific warning, Plaintiff nevertheless failed to respond.  Accordingly, Defendant's Motion to Dismiss is ripe for adjudication.

## APPLICABLE LEGAL STANDARDS

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson*, 562 U.S. at 434; *see also Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1378 (Fed. Cir. 2003) ("[A]ny court at any stage in the proceedings may address jurisdictional issues . . . , even if the issue is not properly raised."). A "lack of jurisdiction over the subject matter cannot be waived or overcome by the agreement of the parties." *Rolls-Royce Ltd., Derby, Eng. v. United States*, 364 F.2d 415, 420 (Ct. Cl. 1966) (citing *Mitchell v. Maurer*, 293 U.S. 237 (1934)).  Consistent with this obligation, this Court must dismiss claims outside of its jurisdiction.  Rules 12(b)(1), 12(h)(3); *see Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim.").

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).  Where "a motion to dismiss 'challenges the truth of the jurisdictional facts,' the Court of Federal Claims 'may consider relevant evidence in order to resolve the factual dispute.'" *Freeman v. United States*, 875 F.3d 623, 627 (Fed. Cir. 2017) (quoting *Banks*, 741 F.3d at 1277); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)) (same).

To withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, this Court must "accept as true the complaint's well-pled factual allegations" but need not "accept the asserted legal conclusions." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). Dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The Court "must consider the complaint in its entirety" as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

This Court liberally construes filings by a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although this Court permits ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Indeed, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Bowles v. United States*, No. 24-2354, 2025 WL 1375660, at *1 (Fed. Cir. May 13, 2025) ("[A] pro se litigant still bears the burden of proving that the court possesses subject matter jurisdiction over the complaint.").

## DISCUSSION

After review of the pleadings in this action, it is evident that this Court must dismiss Plaintiff's Complaint. As explained further below, Plaintiff lacks Article III standing and accordingly this Court must grant Defendant's Motion to Dismiss under Rules 12(b)(1) and

12(h)(3).  Further, for similar reasons, as Plaintiff lacks statutory standing to pursue her claims, the Court alternatively grants Defendant's Motion to Dismiss under Rule 12(b)(6).  Finally, even if Plaintiff somehow had standing—Article III or statutory—in this action (which she does not), the Court also alternatively dismisses Plaintiff's Complaint for failure to prosecute under Rule 41(b).

I.    **Plaintiff Lacks Standing To Pursue Her Claims.**

For the reasons stated below, Plaintiff lacks Article III standing to pursue her claims and, accordingly, this Court must dismiss her Complaint under Rules 12(h)(3) and 12(b)(1) for lack of jurisdiction.  Though Plaintiff's lack of Article III standing is dispositive, the Court also dismisses her Complaint in the alternative under Rule 12(b)(6) because Plaintiff lacks statutory standing under 28 U.S.C. § 1491(b)(1).

A.    **Plaintiff Lacks Article III Standing.**

Plaintiff lacks Article III standing because her alleged injury is not redressable by this Court given her debarment from government contracting.  Article III standing is a threshold jurisdictional question in the United States Court of Federal Claims.  *Associated Energy Grp.*, 131 F.4th at 1317; *Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017).  "The party invoking federal jurisdiction bears the burden of establishing the elements of standing." *CliniComp Int'l, Inc. v. United States*, 904 F.3d 1353, 1358 (Fed. Cir. 2018).  To establish Article III standing, "a plaintiff must show an injury in fact caused by the defendant and redressable by a court order."  *United States v. Texas*, 599 U.S. 670, 676 (2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ("If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019))).  An alleged injury is

redressable only if it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) ("Because redressability is an 'irreducible' component of standing, no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016))).

Once debarred, a contractor is excluded from contracting with all Government agencies. John S. McCain National Defense Authorization Act for Fiscal Year 2019 (2019 Defense Authorization Act), Pub. L. No. 115-232, 132 Stat. 1636, 1873 (noting that debarments "have [G]overnment-wide effects" and that "[n]o agency shall allow a party to participate in any procurement . . . if any agency has debarred, suspended, or otherwise excluded . . . that party");[7] *see also IMCO, Inc. v. United States*, 97 F.3d 1422, 1425 (Fed. Cir. 1996) (noting that once a contractor is proposed for debarment, the contractor is ineligible for award); *Caiola v. Carroll*, 851 F.2d 395, 397 (D.C. Cir. 1988) ("Debarment is an administrative action which excludes nonresponsible contractors from [G]overnment contracting."). Indeed, under FAR Subpart 9.4, once an agency formally debars a contractor, that contractor is "excluded from receiving contracts" and no agencies may "solicit offers from, award contracts to, or consent to subcontracts with these contractors, unless the agency head determines that there is a compelling reason for such action." FAR 9.405(a); *see also IMCO*, 97 F.3d at 1425 ("Under 48 C.F.R. § 9.405(a) and (d)(4), however, once [the contractor] was proposed for debarment, [the Government] was not permitted to award it the contract."). Debarred contractors "are also excluded from conducting business with the

---

[7] This language appears as a note to 31 U.S.C. § 6101. The Federal Circuit has directed that Statutory Notes are given effect where, as here, they appear in the Statutes at Large. *Cameron v. McDonough*, 1 F.4th 992, 995 (Fed. Cir. 2021).

9

Government as agents or representatives of other contractors." FAR 9.405(a). Thus, contractors with "an active exclusion record in [the System for Award Management (SAM)] . . . are excluded from receiving contracts." FAR 9.405(b); *see also* FAR 9.404 (explaining that all exclusion records are maintained on SAM).

While Plaintiff asserts that the Agency's purported failure to properly consider her submission was arbitrary and capricious and that she is entitled to an injunction against the Agency requiring it to terminate the award to T47 International and perform a new evaluation, the simple, undisputed fact remains that Plaintiff is debarred; she is thus ineligible to receive *any* federal contract. Compl. ¶¶ 38–89, pp. 21–22 (request for relief); ECF Nos. 35, 35-1, 39, 41, 45; *supra* note 1 (noting exclusion status of Plaintiff on SAM); *Monbo II*, 2025 WL 871285, at *7 & n.7 (discussing Plaintiff's debarment); 2019 Defense Authorization Act, 132 Stat. at 1873 ("No agency shall allow a party to participate in any procurement . . . if any agency has debarred, suspended, or otherwise excluded . . . that party."); FAR 9.405(a) ("Contractors debarred . . . are excluded from receiving contracts, and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with [debarred] contractors."). Accordingly, even if the Court were to grant Plaintiff's requested relief and orders the Agency to perform a new evaluation, Plaintiff's proposal nevertheless could not be selected for award as a matter of law in light of her debarment.[8] FAR

---

[8] Plaintiff's Complaint does not challenge her debarment. *See generally* Compl. While Plaintiff moved to amend her Complaint to add a claim of de facto debarment, the Court denied the motion on futility grounds as it failed to state a claim and because the Court found that Plaintiff filed her motion with a dilatory motive. *Monbo II*, 2025 WL 871285, at *7, 9. Plaintiff has a pending case in the United States District Court for the District of Columbia (district court) challenging her personal debarment. *Monbo v. U.S. Dep't of Navy*, No. 24-cv-2547 (D.D.C. Aug. 30, 2024) (APA Challenge). However, even if Plaintiff were to succeed in her APA Challenge and achieve a reversal of her personal debarment, MGI—with whom Plaintiff claims she submitted the joint proposal at issue here—would remain debarred. *See Monbo II*, 2025 WL 871285, at *8; Compl. ¶¶ 1, 4, 13. Thus, the Agency would still be unable to make an award to MGI and Plaintiff associated with their joint proposal. *Monbo II*, 2025 WL 871285, at *8; FAR 9.405(a).

9.405(a), (b); *see also Caiola*, 851 F.2d at 398 (quoting FAR 9.402(a)); *IMCO, Inc.*, 97 F.3d at 1425. Thus, because Plaintiff cannot be awarded any contract, it is not even "speculative"—and certainly not "likely"—that Plaintiff's alleged injury will be redressed by a favorable decision.[9] *See Lujan*, 504 U.S. at 561; FAR 9.405. Quite contrary, it is impossible for this Court to redress Plaintiff's alleged injury consistent with the law.

Said differently, Plaintiff remains ineligible for award regardless of whether this Court grants her the relief she seeks in her Complaint. *Associated Energy Grp.*, 131 F.4th at 1319 (holding that protestor lacked Article III standing where it would not be eligible for award even if the Court granted protestor's relief sought). Thus, "the outcome of this suit would not affect" Plaintiff's inability to be awarded a contract. *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 541–42 (2020) (holding that plaintiffs lacked standing because, whether plaintiffs won or lost the case, "they would receive the exact same [] benefits"); Compl. ¶¶ 24–43, pp. 21–22 (request for relief). Accordingly, as this Court's entry of final judgment "would not affect" Plaintiff's alleged injury here, Plaintiff lacks Article III standing and accordingly the Court must dismiss Plaintiff's claims under Rules 12(b)(1) and 12(h)(3). *See Thole*, 590 U.S. at 541–42; *Associated Energy Grp.*, 131 F.4th at 1319.

### B.   Alternatively, Plaintiff Lacks Statutory Standing.

Even if Plaintiff could demonstrate Article III standing, her Complaint must still be dismissed pursuant to Rule 12(b)(6) because she cannot establish statutory standing under the more

---

[9] FAR 9.405(a) includes one narrow exception to the rule that debarred individuals may not be awarded contracts—when "the agency head determines that there is a compelling reason" to contract with the debarred individual and states the compelling reason in writing. FAR 9.405(a); FAR 9.405-2(a); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344, 350 (2006) (finding injury not redressable where relief sought would not remedy injury absent third-party action); *Lujan*, 504 U.S. at 561. Plaintiff has not alleged any facts that would trigger this narrow exception.

stringent standard of 28 U.S.C. § 1491(b)(1).  *Associated Energy Grp.*, 131 F.4th at 1319.  Unlike Article III standing, statutory standing under 28 U.S.C. § 1491(b)(1) is not jurisdictional.  *CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151–55 (Fed. Cir. 2023).  To establish statutory standing under 28 U.S.C. § 1491(b)(1), a plaintiff must demonstrate that they (i) are an "interested party," and (ii) were prejudiced by a significant error in the procurement process.  *Associated Energy Grp.*, 131 F.4th at 1319; *CliniComp*, 904 F.3d at 1358.  An interested party is "'an actual or prospective bidder' [who] has a 'direct economic interest' in the procurement or proposed procurement."  *CliniComp*, 904 F.3d at 1358 (quoting *Diaz v. United States*, 853 F.3d 1355, 1358 (Fed. Cir. 2017)).  "[T]o prove a direct economic interest, a party must show that it had a substantial chance of winning the contract."  *Id.* (quoting *Diaz*, 853 F.3d at 1358).  Put another way, "[t]o establish statutory standing, and demonstrate it is an 'interested party' and sustained prejudice, [a plaintiff] must show at least a substantial chance it would have been a prevailing bidder under the Solicitation had it not been for the errors it contends plagued the procurement process."  *REV, LLC v. United States*, 91 F.4th 1156, 1163 (Fed. Cir. 2024).

For the same reasons that Plaintiff lacks Article III standing—Plaintiff is not eligible for award due to her debarment—Plaintiff is unable to "show at least a substantial chance [she] would have been a prevailing bidder under the Solicitation."  *Id.*; *see also Associated Energy Grp.*, 131 F.4th at 1319–20 (finding Plaintiff lacked statutory standing where, even absent alleged procurement errors, plaintiff would be ineligible for award); FAR 9.405(a).  Accordingly, Plaintiff cannot demonstrate that she is an interested party or that she was prejudiced by any alleged procurement errors in light of her debarment.[10]

---

[10] Further, "on balance" it appears that Plaintiff was not "an actual or prospective bidder," a requirement to establish that a party is an interested party.  *Monbo I*, 175 Fed. Cl. at 454 (quoting *Diaz v. United States*, 127 Fed. Cl. 664, 670 (2016), *aff'd*, 853 F.3d 1355 (Fed. Cir. 2017)); *see*

Thus, in addition to Article III standing, Plaintiff also lacks statutory standing. Accordingly, though Plaintiff's lack of Article III standing is dispositive, the Court also grants Defendant's Motion to Dismiss under Rule 12(b)(6) as it relates to statutory standing as an alternative ground for dismissal. *See* Mot. at 16–20.

## II. Alternatively, Dismissal is Appropriate Under Rule 41(b).

Even if Plaintiff had standing, the Court would nevertheless dismiss Plaintiff's claims for failure to prosecute under Rule 41(b). Rule 41(b) permits this Court to "dismiss on its own motion" an action where the plaintiff fails to (i) prosecute her case or (ii) comply with this Court's Rules

---

*CliniComp*, 904 F.3d at 1358 (quoting *Diaz*, 853 F.3d at 1358). The Debriefing Letter attached to Plaintiff's Complaint suggests that MGI alone submitted the proposal to the Solicitation. Debriefing Letter at 144. The Debriefing Letter is the contracting officer's response to a debriefing request and states that "Monbo Group International did not respond to Amendment 0003" and "therefore was not considered for the award." *Id.* This appears to reflect that MGI alone submitted the proposal, which conflicts with Plaintiff's assertions in her Complaint that she and MGI had jointly submitted the proposal. *Compare* Compl. ¶¶ 1, 7–13, *with* Debriefing Letter at 144; *see Allen Eng'g Contractor, Inc. v. United States*, 115 Fed. Cl. 457, 464 (2014) ("In the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.") (cleaned up), *aff'd*, 611 F. App'x 701 (Fed. Cir. 2015); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2004 & Supp. 2016) (noting that the Court "obviously is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions"). Defendant's Motion to Dismiss also attaches compelling evidence that the joint proposal from Plaintiff and MGI was submitted in MGI's name alone. *See* Mot. at 15–16; ECF No. 16-1 at 16–18. Plaintiff here, by failing to respond to Defendant's Motion to Dismiss, waived her opportunity to rebut these contentions. *See Cap Exp., LLC v. Zinus, Inc.*, 722 F. App'x 1004, 1009 (Fed. Cir. 2018) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011))); *Square One Armoring Servs. Co. v. United States*, 162 Fed. Cl. 331, 343 (2022) (finding that a "Plaintiff waived any arguments . . . by failing to respond to Defendant's position in its Response"). Indeed, the Court specifically warned Plaintiff that failure to respond to Defendant's Motion to Dismiss would constitute a waiver of her opportunity to "to rebut Defendant's contentions that this Court lacks jurisdiction." *Monbo II*, 2025 WL 871285, at *10. Ultimately, the Court need not reach the question of whether Plaintiff was an actual bidder because Plaintiff's debarment is fatal to any attempt to establish statutory standing, apart from whether she was the actual bidder. *See CliniComp*, 904 F.3d at 1358 (quoting *Diaz*, 853 F.3d at 1358).

13

or Orders. Rule 41(b). The Federal Circuit has repeatedly affirmed dismissals by this Court under Rule 41(b). *See, e.g.*, *Claude E. Atkins*, 899 F.2d at 1184 (affirming Rule 41(b) dismissal after plaintiff was "specifically warned" its complaint may be dismissed for failure to prosecute); *Cerf v. United States*, 621 F. App'x 651, 652–53 (Fed. Cir. 2015) (affirming Rule 41(b) dismissal after Plaintiff was warned that his case would be dismissed if he did not respond to the Government's motion to dismiss); *Monbo v. United States*, No. 24-cv-2083, 2025 WL 704402, at *4 (Fed. Cl. Jan. 24, 2025) (collecting cases).

When this Court denied Plaintiff's Motion to Amend, it "stresse[d] to Plaintiff that she must respond to Defendant's Motion to Dismiss." *Monbo II*, 2025 WL 871285, at *10. The Court also "advised [Plaintiff] that failure to timely respond to the Motion to Dismiss will not only constitute a waiver of Plaintiff's opportunity to rebut Defendant's contentions that this Court lacks jurisdiction, but may also result in dismissal of Plaintiff's case under Rule 41(b)." *Id.* (citing *Claude E. Atkins*, 899 F.2d at 1184). This warning came after the Court found that Plaintiff had filed her Motion to Amend with a dilatory motive and on the heels of a series of extensions, giving Plaintiff a total of 115 additional days to respond to Defendant's Motion to Dismiss. *See id.* at *9 (citing ECF Nos. 24, 30, 34, 37). Even still, after denying Plaintiff's Motion to Amend, the Court afforded Plaintiff a final opportunity to respond to the Motion to Dismiss. *Id.* at *10. Plaintiff failed to do so. Accordingly, as Plaintiff was "specifically warned" that her case may be dismissed if she failed to respond to Defendant's Motion to Dismiss, dismissal is also appropriate under Rule 41(b). *Claude E. Atkins*, 899 F.2d at 1184; *Cerf*, 621 F. App'x at 652–53. Therefore, the Court would also dismiss Plaintiff's Complaint under Rule 41(b) as an alternative ground for dismissal.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3), without leave to replead.  Alternatively, Plaintiff's Complaint is **DISMISSED** under Rules 12(b)(6) and 41(b).  Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 21) is **DENIED** as moot.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge